IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

F I L E D
JAN 1 5 2020
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

JAMES E. BELLAMY, JR.,      )
                            )
     Plaintiff,            )
                            )
v.                             )      Civil Action No. 3:18CV413–HEH
                            )
K.L. WRIGHT, *et al.*,        )
                            )
     Defendants.         )

## MEMORANDUM OPINION
### (Dismissing With Prejudice 42 U.S.C. § 1983 Action)

James E. Bellamy, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. The matter is proceeding on Bellamy's Particularized Complaint (ECF Nos. 11-1, 11-2). The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and the Motion to Dismiss filed by K.L. Wright and Javier A. Quinones. For the reasons set forth below, the action will be dismissed as legally frivolous and malicious.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous or malicious" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(i) & (ii); *see also* 28 U.S.C. § 1915A. The frivolous standard includes claims premised upon "indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is

analyzed under the familiar requirements of Fed. R. Civ. P. 12(b)(6). The Court will discussed the standard for maliciousness at the end of this Memorandum Opinion.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.    SUMMARY OF ALLEGATIONS

Bellamy's legal claims stem from a traffic stop of his vehicle that occurred on November 21, 2015. (ECF No. 11-1, at 6.)[1] As a result of this stop and the items found in his vehicle, Bellamy was convicted in a bench trial in the Circuit Court of the City of . Chesapeake of possession of heroin with the intent to distribute, in violation of section 18.2–248 of the Virginia Code, and driving on a suspended license, in violation of section 46.2–301 of the Virginia Code. *Bellamy v. Commonwealth*, No. 0496–17–1, 2018 WL 3540977, at *1 (Va. Ct. App. July 24, 2018). At trial and on appeal, Bellamy unsuccessfully sought to suppress evidence obtained during a search of his vehicle. *Id.* at *1–4.

In the present action, Bellamy contends that he is entitled to relief on the following grounds:

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in the quotations from Bellamy's submissions.

Claim 1    Defendant Quinones conducted a "racial[ly] motivated warrantless search
           & seizure . . . without probable cause." (ECF No. 11-1, at 8.)  The search
           was "done maliciously[,] exceed[ed] the time needed to handle the matter
           for which the traffic stop was made, [and] violated . . . Bellamy[']s rights
           under the [F]ourth [A]mendment." (*Id.*)

Claim 2    As a result of Defendant Quinones's warrantless arrest, Hudson Tow
           Service towed away Bellamy's vehicle and imposed a lien upon the vehicle.
           (*Id.*)  This action violated Bellamy's rights to due process and equal
           protection. (*Id.*)

Claim 3    K.L. Wright, the Colonel of the Chesapeake Police Department, "failed to
           adequately train [D]efendant Quinones[] before 11/21/2015." (*Id.*)

Claim 4    K.L. Wright "[p]ermitted unconstitutional practices to remain unchallenged
           thereby demonstrating a deliberate indifference to the federally protected
           rights of plaintiff Bellamy . . . ." (*Id.*)

Bellamy demands roughly $412,000 in damages.

## III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of the

lack of merit of Bellamy's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315

(4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's

vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v.*

*Williams*, 490 U.S. 319, 324 (1989))). As discussed below, any claim that necessarily

implies the invalidation of Bellamy's conviction and sentence is barred by *Heck v.*

*Humphrey*, 512 U.S. 477 (1994), and any Fourth Amendment claim for damages that

may withstand *Heck* is barred by the statute of limitations.

Here, Bellamy seeks monetary damages that would require the invalidation or

vacation of his criminal convictions. The basic premise behind his allegations, that he

may seek, through a civil suit, the vacation or alteration of his criminal convictions and .

4

sentence as well as monetary damages stemming from the purportedly improper incarceration, "is legally frivolous in light of *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07CV337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008).

In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The Supreme Court has extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997). In *Balisok*, the Supreme Court concluded that a challenge based upon the purported bias of the decision-maker, necessarily implied the invalidity of the sanction imposed by the decision-maker

5

and thus was subject to the bar announced in *Heck*. *Id.* The Supreme Court has

explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

*Heck* and related cases bar Bellamy's claims seeking monetary damages because

success on the action would necessarily imply the invalidity of his convictions. *See*

*Wilkinson*, 544 U.S. at 79 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

Bellamy also presents no allegation that any state court has invalidated his current

convictions. *Heck*, 512 U.S. 486–87. Thus, Bellamy's claims are legally frivolous.

*Wilkinson*, 544 U.S. at 81–82; *see Preiser*, 411 U.S. at 500 (holding that writ of habeas

corpus is the sole federal remedy when an inmate challenges the fact of imprisonment

and relief sought is finding that the inmate is entitled to release); *cf. Brooks v. City of*

*Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996) (noting that to state a plausible

§ 1983 claim of malicious prosecution for unreasonable seizure of the person in violation

of the Fourth Amendment, the defendant must have "seized [plaintiff] pursuant to legal

process that was not supported by probable cause and . . . the criminal proceedings [must

have] terminated in [plaintiff']s favor").

The Court recognizes that the Supreme Court has noted that certain Fourth

Amendment claims potentially may be raised in a § 1983 action without running afoul of

the bar in *Heck*. *See Heck*, 512 U.S. at 487 n.7.[2] However, no need exists to extensively

explore whether any of Bellamy's claims against Quinones or Wright are not barred by

*Heck*, because, as discussed below, any such claim would be barred by the statute of

limitations.

Under 28 U.S.C. § 1915A, the Court must dismiss claims that the relevant statute

of limitations clearly bars. *Brown v. Harris*, No. 3:10CV613, 2012 WL 12383, at *1

(E.D. Va. Jan. 3, 2012) (citing *Erilline Co. S.A. v. Johnson*, 440 F.3d 648, 655–57 (4th

Cir. 2006); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)).

Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, the courts

borrow the personal injury statute of limitations from the relevant state. *Nasim*, 64 F.3d

at 955 (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two-

year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01–243(A)

(West 2019). Thus, Bellamy should have filed his Complaint within two years from

when the underlying claims accrued. "A claim accrues when the plaintiff becomes aware

of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or

she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists."

---

[2] The Court explained:

> For example, a suit for damages attributable to an allegedly unreasonable search
> may lie even if the challenged search produced evidence that was introduced in trial
> resulting in the § 1983 plaintiff's still outstanding conviction. Because of doctrines
> like independent source and inevitable discovery and especially harmless error,
> . . . such a § 1983 action, even if successful, would not *necessarily* imply that the
> plaintiff's conviction was unlawful.

*Heck*, 512 U.S. at 487 n.7 (internal citations omitted).

*Almond v. Sisk*, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009)

(omission in original) (quoting *Nasim*, 64 F.3d at 955).

Here, Bellamy's claims pertaining to the search and seizure of his vehicle accrued

on November 21, 2015. Thus, for Bellamy's claims to be timely, he was required to file

his original complaint by November 21, 2017. Bellamy, however, did not file his original

complaint in this matter until June 8, 2018.[3] Thus, any claim not barred by *Heck* would

be barred by the relevant statute of limitations.[4] Accordingly, Bellamy's claims will be

dismissed as legally frivolous.

## IV.  THE ACTION IS MALICIOUS

The Court also finds that Bellamy fails to bring this action in good faith to

vindicate his legal rights, but instead, brings it maliciously, to harass the persons

responsible for obtaining his convictions. As noted above, the Virginia courts informed

Bellamy that his Fourth Amendment claims lacked merit. *Bellamy v. Commonwealth*,

No. 0496–17–1, 2018 WL 3540977, at *1–4 (Va. Ct. App. July 24, 2018). Accordingly,

the Court also dismisses this action as malicious. *See Cain v. Virginia*, 982 F. Supp.

1132, 1136–38 (E.D. Va. 1997) (citations omitted) (observing that where "the tone of [a

prisoner] Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his

---

[3] This is the date that Bellamy apparently gave his complaint to prison officials for mailing to this Court. *See Lewis v. Richmond City. Police Dep't*, 947 F.2d 733, 736 (4th Cir. 1991) (concluding inmate's civil action was filed for statute of limitation purposes when handed to prison officials for filing); (ECF No. 1–1, at 1).

[4] Bellamy filed a prior action against Quinones, which he voluntarily dismissed. (ECF No. 1, at 2–3.) That action also was filed after the expiration of the statute of limitations. (*Id.* at 2.) Accordingly, that prior action does not alter the conclusion that the present action is barred by the statute of limitations.

desire for vengeance against the [those involved in securing his incarceration] and not to rectify any wrong done to him, then the suit is a MALICIOUS one" (quoting *Spencer v. Rhodes*, 656 F. Supp. 458, 363–64 (E.D.N.C. Mar. 19, 1987))).

## V.    CONCLUSION

Bellamy's claims and the action will be dismissed with prejudice as legally frivolous and malicious. Defendants' Motion to Change (ECF No. 21) will be denied. Defendants' Motion to Dismiss (ECF No. 23) will granted. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
Date: Jan. 15 2020       SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia